FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 25, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JERROD JOHNSON,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>JAMES KEY, SGT J. COOPER, C/O B. KING, C/O R. RAMSEY,<br><br>　　　　　　Defendants. | NO: 2:17-CV-00391-SMJ<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT**<br><br>**1915(g)** |

BEFORE THE COURT is Plaintiff's First Amended Complaint, ECF No. 10. Plaintiff, a prisoner currently housed at the Monroe Correctional Complex, is proceeding *pro se* and *in forma pauperis;* Defendants have not been served.

By Order filed January 24, 2018, the Court advised Plaintiff of the deficiencies of his complaint and directed him to amend. Specifically, Plaintiff's claim for monetary damages for the loss of personal property items did not state a due process claim upon which relief may be granted under 42 U.S.C. § 1983. *See*

**ORDER DISMISSING FIRST AMENDED COMPLAINT** -- 1

*Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional deprivation of property does not violate due process when meaningful post-deprivation remedy is available); *Barnett v. Centoni*, 31 F.3d 813 (9th Cir. 1994) (negligent or intentional deprivation of prisoner's property fails to state claim under § 1983 if state has adequate post-deprivation remedy).

Plaintiff's dissatisfaction with the state tort remedy does not create a federal cause of action. His bald assertion of an Equal Protection violation without any facts showing he was treated differently than similarly situated persons, does not state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Liberally construing the First Amended Complaint in the light most favorable to Plaintiff, the Court finds he has failed to cure the deficiencies of his initial complaint and has failed to state a claim upon which relief may be granted. Accordingly, **IT IS ORDERED** that the First Amended Complaint, ECF No. 10, is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). **Plaintiff is advised to read the statutory**

**provisions under 28 U.S.C. § 1915. This dismissal of Plaintiff's complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claims.**

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, enter Judgment, provide copies to Plaintiff at his last known address, and **CLOSE the file.** The Clerk of Court is further directed to provide a copy of this Order to the Office of the Attorney General of Washington, Corrections Division. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

**DATED** this 25th day of April 2018.

_____
SALVADOR MENDOZA, JR.
United States District Judge

**ORDER DISMISSING FIRST AMENDED COMPLAINT** -- 3